IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-02431-WYD

MARILYN BAKER, individually and as Personal Representative
of the ESTATE OF ROBERT J. HARRIS,

    Plaintiff,

v.

VOLUNTEERS OF AMERICA CARE FACILITIES d/b/a VALLEY MANOR CARE
CENTER, INC. and JOHN DOE # 1 AN EMPLOYEE OF VOLUNTEERS OF AMERICA
CARE FACILITIES d/b/a VALLEY MANOR CARE CENTER, INC.,

    Defendants.

---

## ORDER OF REMAND

---

THIS MATTER is before the Court on a review of the Notice of Removal by Defendant Volunteers of America Care Facilities d/b/a Valley Manor Care Center on November 7, 2008. The Notice of Removal asserts that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a).

After carefully reviewing the pleadings, I find that this case must be remanded based on the failure of the Defendant to show that the amount in controversy is satisfied. The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting

removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873 (quotation omitted). In other words, the amount in controversy must be affirmatively established on the face of either the petition or notice of removal. *Id*. The removal statute is construed narrowly. *Martin*, 251 F.3d at 1289.

In this case, the allegations of the complaint do not show that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction. 28 U.S.C. § 1332(a)(1). Thus, I turn to the notice of removal. The notice of removal fails to allege any specific amount of damages. Instead, it references only the civil cover sheet filed in state court contemporaneously with the complaint which represents that the plaintiff is seeking a monetary judgment for more than $100,000.00 from this Defendant.

I find that this is not sufficient to establish that the jurisdictional amount is satisfied. A number of cases from this Court have held that reliance solely on the civil cover sheet filed in state court to establish the jurisdictional amount is insufficient, and I incorporate their reasoning herein. *See Baker v. Sears Holding Corp.*, No. 07-cv-01106-MSK-MEH, 2007 WL 2908434, at * 3-4 (D. Colo. 2007); *Ralph v. SNE Enterprises, Inc.*, No. 07-cv-01163-WDM-MJW, 2007 WL 1810534,25 at *1 (D. Colo. 2007); *Hardin v. Sentinel Ins. Co., Ltd.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007); *Bishelli v. State Farm Mut. Automobile Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2007 WL 1455852, at *3 (D. Colo. 2007); *see also Dean v. Illinois Nat. Ins. Co.,* Civil Action No. 07-cv-01030-MSK-MJW (Order Remanding Action) (October 5, 2007). Thus, I find that

the amount in controversy has not been affirmatively established on the face of either the Complaint or the Notice of Removal as required by 28 U.S.C. § 1332(a)(1).

In finding that Defendant has not established the jurisdictional amount, I am guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction. Accordingly, it appears that the Court lacks subject matter jurisdiction over this action and I find that this matter must be remanded to the State Court. *See* 28 U.S.C. § 1447(c). It is therefore

ORDERED that the Clerk of Court is directed to **REMAND** this action to the District Court, County of Montrose, State of Colorado, from which the case was removed.

Dated: November 18, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief U. S. District Judge